# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JIMMY ALEXANDER, | ) |
|          Movant, | ) |
| | ) |
| vs. | ) |
| | )   1:11-cv-263-JMS-MJD |
| | ) |
| UNITED STATES OF AMERICA. | ) |

### Entry Discussing Motion for Relief Pursuant to
### 28 U.S.C. ' 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Jimmy Alexander for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

**Background**

Charges that Alexander defrauded the Federal Emergency Management Agency ("FEMA") out of $22,450.51 intended for victims of Hurricane Katrina were resolved in No. 1:08-cr-0136-JMS-KPF-1 through the submission and acceptance of Alexander's plea agreement with the United States. Alexander pled guilty in a hearing conducted on July 29, 2009. In the plea agreement, the parties stipulated that two levels were subtracted pursuant to U.S.S.G. § 3E1.1(a) because Alexander timely accepted responsibility for his conduct.

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Alexander has filed such a motion, asserting that as a result of ineffective assistance of counsel and court error, he was denied a third level reduction of his sentencing guidelines total offense level based on his acceptance of responsibility.

The prosecution of Alexander in No. 1:08-cr-0136-JMS-KPF-1 culminated in the submission and acceptance of Alexander's guilty plea, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure*. In accepting the plea, the court found that Alexander was entering his plea of guilty knowingly and voluntarily and that he understood the consequences of his plea. At sentencing, the court determined that Alexander's total offense level was 10 and his criminal history category was VI, resulting in an advisory sentencing guidelines imprisonment range of 24 to 30 months. Under the terms of the plea agreement, the government agreed to recommend a sentence within the applicable advisory sentence of 24 to 30 months. The court, however, sentenced Alexander to 57 months' imprisonment, nearly twice the high end of the guidelines range. These facts are established by the expanded record and are recited in the appellate opinion in *United States v. Alexander*, 368 Fed.Appx. 690, 691-92 (7th Cir. 2010).

The sentencing court explained that Alexander's criminal history was "extraordinary" for a man under the age of 40. *Id.* at 691-92. Since the age of 18, Alexander had "accumulated 26 criminal history points, twice the number needed to put him in category VI at the top of the chart." *Id.* at 692. Alexander's prior offenses included convictions for theft and receipt of stolen goods, for resisting law enforcement, battery, and convictions relating to controlled substances. *Id.* at 691. The court considered the factors set forth in 18 U.S.C. § 3553(a) and determined that an above-range sentence was necessary because the guidelines for emergency-relief fraud failed to reflect the seriousness of the crime which Judge Hamilton described as "the lowest of the low." *Id.* at 692. The court further noted that Alexander's criminal history category failed to adequately represent his criminal record, stating that Alexander must have been "committing crimes whenever [he was] not in prison as an adult." *Id.* The 57 month sentence was 3 months less than the statutory maximum. *Id.*

Alexander filed a notice of appeal challenging the above-range sentence, arguing that the sentence was unreasonably high and the district court improperly rejected the guidelines based on a policy disagreement. The Seventh Circuit Court of Appeals affirmed the sentence "because the reasons supplied by the district court for imposing an above-range sentence-the failure of the guidelines to reflect both the defendant's criminal history and the reprehensible nature of his crime" justified the sentence. *United States v. Alexander*, 368 Fed.Appx. at 693.

It is against this backdrop that Alexander argues that he should have received a three level reduction of his sentencing guidelines total offense level based on his acceptance of responsibility. Alexander asserts that his counsel failed to make a record as to the court's failure to consider and state the reasons for why the additional one level reduction did not apply. He also contends that his right to equal protection was violated when the court failed to give him or explain the reasons why he was not given the extra level reduction.

**Discussion**

The United States argues that Alexander's ' 2255 motion must be denied for at least three reasons, viz., (1) Alexander was not entitled to the additional level reduction pursuant to U.S.S.G. § 3E1.1(b), (2) counsel was not ineffective for not objecting to the court's failure to decrease the offense level by an additional level, and (3) any challenge to the implementation of the Sentencing Guidelines is not a cognizable claim in a motion under section 2255.

Alexander received the two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Alexander, however, did not qualify for the additional level reduction under subsection (b) of that provision, as explained by the United States. Alexander insists that he was improperly denied a level reduction under § 3E1.1(b)(2), but there is no such subpart and the applicable provision, § 3E1.1(b), is clear:

> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b).

Alexander's offense level of 10 was *not* "level 16 or greater," and the government did *not* file a motion stating that Alexander had assisted authorities as required. These circumstances did not satisfy either element of subpart (b) of the acceptance of responsibility provision. Alexander's premise that he was *entitled* to the additional level of reduction for acceptance of responsibility is baseless.

Given that starting point, Alexander's additional claims fall like dominoes. Because his claim of entitlement to the third level reduction is unfounded, Alexander cannot show that his counsel was ineffective in failing to argue that Alexander should be allowed the reduction because "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001).

Likewise, Alexander's claim that the court violated his constitutional rights by failing to consider and making a finding as to why he was not allowed the extra level of reduction is meritless. Not only did the court explain its reasoning as to why the above-range sentence was appropriate, the Court of Appeals affirmed that reasoning.

And, again, the third level reduction was not authorized under the Guidelines themselves.

Finally, outside the realm of effective assistance of counsel, Alexander's claim concerning sentencing error is not even cognizable here. *Buggs v. United States,* 153 F.3d 439, 443 (7th Cir. 1998) ("[E]rrors in the implementation of the Sentencing Guidelines are generally not cognizable in a collateral attack."). Alexander's attempt to frame his claim as a denial of equal protection rights is frivolous as he has not attempted to show that other "defendants with comparable criminal records who steal relief money tend to receive more favorable sentences." *United States v. Alexander*, 368 Fed.Appx. at 693.

The foregoing circumstances show that Alexander is not entitled to relief pursuant to 28 U.S.C. ' 2255. That motion is therefore **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Alexander has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 02/28/2012

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana